**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

| | |
|---|---|
| **In re:** | **Chapter 11 Case** |
| **VITAL PHARMACEUTICALS, INC.** | **Case No. 22-17842-PDR** |
| **Debtor.** | |
| **THERMOLIFE INTERNATIONAL, LLC,** | |
| **Plaintiff,** | |
| **v.** | **Adv. Proc. No. 23-01134-PDR** |
| **VITAL PHARMACEUTICALS, INC.**<br>**d/b/a BANG ENERGY d/b/a VPX,** | |
| **Defendant.** | |

**JOINT MOTION FOR ENTRY OF ORDER ON STIPULATED**
**CONFIDENTIALITY AGREEMENT REGARDING THE USE**
**AND DISCLOSURE OF DISCOVERY MATERIALS**

The parties, Plaintiff ThermoLife International, LLC ("ThermoLife") and Defendant

Vital Pharmaceuticals, Inc. ("Vital"), jointly request that this Court enter an order adopting their

Stipulated Confidentiality Agreement Regarding the Use and Disclosure of Discovery Materials.

In support thereof, the parties state as follows:

1.      This case involves a purported patent infringement by Vital of United States

Patent No. 8,350,077 (hereinafter the "'077 Patent"), titled "Amides of Creatine, Method of

Their Preparation, and Remedy Possessing a Neuroprotective Activity," which issued on January

8, 2013.

2.      As such, this case necessarily involves trade secrets and other proprietary or

privileged and confidential information.

3.　　　To prevent the unauthorized disclosure of the sensitive and confidential business, financial and trade secret information, the parties have agreed to enter into a Stipulated Confidentiality Agreement Regarding the Use and Disclosure of Discovery Materials (which is attached hereto as Exhibit "1").  The parties respectfully request that the Court enter an order adopting that agreement.

WHEREFORE the parties, Plaintiffs, ThermoLife International, LLC, and Defendant Vital Pharmaceuticals, Inc., jointly request that this Court enter an order adopting their Stipulated Confidentiality Agreement Regarding the Use and Disclosure of Discovery Materials.

*/s/Francis DiGiovanni*
Jordi Guso
Florida Bar No. 863580
Michael J. Niles
Florida Bar No. 107203
**BERGER SINGERMAN LLP**
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
Telephone: (305) 755-9500
Email: jguso@bergersingerman.com
　　　　mniles@bergersingerman.com

Francis DiGiovanni
Geoffrey A. Zelley
**FAEGRE DRINKER BIDDLE & REATH LLP**
222 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 467-4200
Email: francis.digiovanni@faegredrinker.com
　　　　geoffrey.zelley@faegredrinker.com

*Attorneys for Defendant Vital Pharmaceuticals, Inc.*

*/s/Veronica McCarty*
**GRAY ROBINSON, P.A.**
333 S.E. 2nd Ave., Suite 3200
Miami, FL 33131
Tel: (305) 416-6800

Jorge Espinosa, Esq.
Florida Bar No: 779032
Email: jorge.espinosa@gray-robinson.com
Steven J. Solomon, Esq.
Florida Bar No: 931969
steven.solomon@gray-robinson.com
Francesca Russo, Esq.
Florida Bar No.: 174912
francesca.russo@gray-robinson.com

**DEVLIN LAW FIRM LLC**
Timothy Devlin
tdevlin@devlinlawfirm.com
Veronica McCarty
vmccarty@devlinlawfirm.com
Leonard Monfredo
lmonfredo@devlinlawfirm.com
1526 Gilpin Ave
Wilmington, DE 19806
Telephone: (302) 449-9011

*Counsel for ThermoLife International, LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

| | |
|---|---|
| **In re:**<br><br>**VITAL PHARMACEUTICALS, INC.**<br><br>Debtor. | **Chapter 11 Case**<br><br>**Case No. 22-17842-PDR** |
| **THERMOLIFE INTERNATIONAL, LLC,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**VITAL PHARMACEUTICALS, INC.**<br>**d/b/a BANG ENERGY d/b/a VPX,**<br><br>**Defendant.** | **Adv. Proc. No. 23-01134-PDR** |

**ORDER AND**
**STIPULATED CONFIDENTIALITY AGREEMENT**
**REGARDING THE USE AND DISCLOSURE OF DISCOVERY MATERIALS**

IT IS HEREBY STIPULATED between Plaintiff ThermoLife International, LLC ("ThermoLife") and Defendant Vital Pharmaceuticals, Inc. ("Vital") that the procedures set forth in this *Order and Stipulated Confidentiality Agreement Regarding the Use and Disclosure of Discovery Materials* ("Order and Agreement") shall govern the handling, examination, review, and use of documents, testimony, and other discovery materials disclosed by the parties and witnesses, including expert witnesses, during the course of pre-trial, trial, and post-trial proceedings in the above-captioned actions (Case No. 22-17842-PDR and Adv. Proc. No. 23-01134-PDR).

## CONFIDENTIALITY ORDER AND AGREEMENT

The parties recognize that pursuant to discovery rules they may be required to disclose trade secrets and other proprietary or confidential information.

Accordingly, the following provisions shall control the disclosure, dissemination, and use of confidential information in this case.

### I.   APPLICABILITY

1.     This Order and Agreement shall be applicable to and govern all deposition transcripts and/or videotapes, documents produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions, affidavits, declarations and all other information or material produced, made available for inspection, or otherwise submitted by any of the parties in this litigation pursuant to the Federal Rules of Bankruptcy Procedure, as well as testimony adduced at trial or during any hearing and other information which the disclosing party designated as "CONFIDENTIAL," furnished, directly or indirectly, by or on behalf of any party in connection with the above-captioned actions.

2.     In designating information as CONFIDENTIAL, a party shall make such a designation only as to materials which that party in good faith believes comprise or reflect currently sensitive information used by it in, or pertaining to, its business, which is not generally known and which that party, as of the date of production would not normally reveal to third parties or would cause third parties to maintain in confidence.

### II.   USE AND DISCLOSURE OF DISCOVERY MATERIALS

3.     As used in the Order and Stipulated Confidentiality Agreement, these terms have the following meanings:

   a.     "CONFIDENTIAL" documents are documents designated pursuant to paragraph 4; and

- 5 -

b.      "CONFIDENTIAL - ATTORNEYS' EYES ONLY" documents are the subset of CONFIDENTIAL documents designated pursuant to paragraph 8;

4.      CONFIDENTIAL materials shall be used by the parties to this litigation solely for the purpose of conducting this litigation and not for any other purpose whatsoever.  Information designated as CONFIDENTIAL may be disclosed only to the following persons:

a.      The parties to Adv. Proc. No. 23-01134-PDR, including their officers, directors, and employees;

b.      Any counsel working on Adv. Proc. No. 23-01134-PDR on behalf of any party, including all in-house counsel, paralegal assistants, secretarial, stenographic, and clerical employees working under the direct supervision of such counsel (signature of counsel is binding on all such individuals, as employees of the firm);

c.      Independent experts and consultants retained by attorneys for the parties in the preparation and presentation of the case;

d.      Any person who is giving or who will give testimony in Adv. Proc. No. 23-01134-PDR or in the October 24, 2023 hearing in Case No. 22-17842-PDR [*see* ECF No. 1939] to estimate ThermoLife's administrative expense claim, except that such person may only be shown copies of CONFIDENTIAL material during or in preparation of his or her testimony, and may not retain any CONFIDENTIAL material;

e.      Court officials involved in this litigation, including the Court and court reporters transcribing trial or deposition testimony in this case; and

f.      Any other person designated by the Court in the interest of justice, upon such terms and conditions as the Court may deem proper, which terms shall include that such person has agreed to be bound by this Order and Agreement, by signing the

- 6 -

ACKNOWLEDGMENT REGARDING CONFIDENTIAL AND CONFIDENTIAL –

ATTORNEYS' EYES ONLY MATERIAL (attached as Exhibit "A" hereto).

5.      The persons described in paragraphs 4(c) and 4(d) herein shall not have access to CONFIDENTIAL material until they have certified that they have read this Order and Agreement and have manifested their assent to be bound thereby by signing a copy of the "ACKNOWLEDGMENT REGARDING CONFIDENTIAL MATERIAL" (attached as Exhibit "A" hereto).  Counsel for each party shall maintain a list of the names of all persons to whom they have disclosed CONFIDENTIAL material and shall maintain the originals of all executed Acknowledgements Regarding Confidential Material.

6.      Each individual who receives any CONFIDENTIAL material hereby agrees to subject himself or herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Order and Agreement.

7.      The recipient of any CONFIDENTIAL material that is provided under this Order and Agreement shall maintain such information in a secure and safe area and shall use its best efforts to maintain the confidentiality of such information.

8.      The parties shall have the right to further designate Confidential documents or portions of documents as CONFIDENTIAL – ATTORNEYS' EYES ONLY.  Disclosure of such information may be disclosed only to the following persons:

a.      Any counsel working on Adv. Proc. No. 23-01134-PDR on behalf of any party, paralegal assistants, secretarial, stenographic, and clerical employees working under the direct supervision of such counsel (signature of counsel is binding on all such individuals, as employees of the firm);

b.     Independent experts and consultants retained by attorneys for the parties in Adv. Proc. No. 23-01134-PDR for the preparation and presentation of the retaining party's case;

c.     The person producing such materials; and

d.     Court officials involved in this litigation, including the Court and court reporters transcribing trial or deposition testimony in this case.

## III.   ADMINISTRATION

9.     Parties shall designate CONFIDENTIAL and CONFIDENTIAL – ATTORNEYS' EYES ONLY material as follows:

a.     In the case of documents, interrogatory answers, responses to requests for admissions, and the information contained therein, designation shall be made by placing the following legend, as is appropriate, on any such document prior to production: "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or by subsequently designating the documents by Bates number and by so informing the other party of that designation;

b.     To the extent practical, the "CONFIDENTIAL" and "CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation shall be placed near the Bates number.  If a group of documents are being produced the producing party may provide a cover letter identifying with particularity the group of documents that are designated as CONFIDENTIAL and CONFIDENTIAL – ATTORNEYS' EYES ONLY documents.

c.     To the extent that matter stored or recorded in the form of electronic or magnetic media (including information, files, databases or programs stored on any digital or analog machine-readable device, computers, Internet sites, discs, networks, or tapes) ("electronically stored information") is produced by any party in such form, the

producing party may, in a cover letter to opposing counsel, identify the items designated as CONFIDENTIAL and CONFIDENTIAL – ATTORNEYS' EYES ONLY.  Whenever any party to whom electronically stored information is designated as confidential is produced reduces such material to hardcopy form, that party shall mark the hardcopy form with the word "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

d.    To the extent documents and/or electronically stored information made available for inspection contain information protected by the attorney-client privilege or work product doctrine, such documents or information shall be withheld at the time copies are made, and no waiver of attorney-client privilege or work product doctrine shall be made nor argued by the inspecting party.

e.    Testimony or information disclosed at a deposition may be designated by a party as CONFIDENTIAL and/or CONFIDENTIAL – ATTORNEYS' EYES ONLY by notifying the other parties, in writing, within thirty (30) calendar days of receipt of the transcript of the deposition, of the specific pages and lines of the transcript that are to be designated as CONFIDENTIAL and/or CONFIDENTIAL – ATTORNEYS' EYES ONLY.  Each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in its possession, custody, or control.  Whether or not a designation is made at the time of a deposition, all depositions shall be treated as CONFIDENTIAL – ATTORNEYS' EYES ONLY from the taking of the deposition until thirty (30) calendar days after receipt of the transcript or until receipt of the notice referred to in this subparagraph, whichever occurs sooner.  The parties shall treat the

entire deposition transcript CONFIDENTIAL – ATTORNEYS' EYES ONLY until the thirty (30) day period has expired, unless otherwise agreed to by the parties.

f.      The inadvertent failure to stamp a document as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not be deemed a waiver of such claim of confidentiality.

10.      Copies of "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" material may be submitted to the Court in connection with any proceedings, motions or hearings, provided that such materials are filed under seal. In accordance with Local Rule 5.4(b), a party filing material under seal shall conventionally file a motion with the Court that provides factual and legal bases for the confidential materials that the party intends to file under seal, and provides that matter will remain sealed until the conclusion of direct appeal and that, when the sealed period expires, the filed matter should be returned to the party or counsel for the party filing the material under seal.  To the extent possible, only those portions of a filing with the Court that contain material designated as "CONFIDENTIAL" or "CONFIDENTIAL-OUTSIDE COUNSEL ONLY" shall be filed under seal. To the extent that no "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" information is disclosed, the parties may refer to, and quote from, documents designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" in pleadings, motions, briefs, affidavits, or exhibits filed with the Court, without the need to file such pleadings, motions, briefs, affidavits, or exhibits under seal.

11.      Transcripts of depositions will not be filed with the Court unless it is necessary to do so for purposes of trial, motions for summary judgment, or other matters.  If a deposition transcript is filed and if it contains CONFIDENTIAL and/or CONFIDENTIAL – ATTORNEYS'

- 10 -

EYES ONLY material, the transcript shall bear the appropriate legend on the caption page and on each page containing material and shall be filed in accordance with paragraph 9 above.

12.     Nothing contained in this Order and Agreement shall impair or otherwise affect the right or obligation of any party to interpose any objection, limitation, redaction, condition or qualification, or to claim any privilege or immunity in response to any request for production of documents, interrogatory, request for admission, or question at a deposition, as may be permitted or required by the Federal Rules of Bankruptcy Procedure, any other applicable rule of procedure or provision of law, any other judicial order or decree, or any third-party agreement. Nothing in this Order and Agreement shall constitute an admission or waiver of any claim or defense by any party.

13.     In the event that any CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY material is used in any court or mediation proceeding in connection with this Litigation, it shall not lose its CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.  Any party shall have the right to exclude from depositions, and to petition the Court for an order to exclude from hearings and trials (in addition to those otherwise excludable under the Federal Rules of Bankruptcy Procedure), members of the public and others not entitled to access to CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY material as provided herein.  If such material is used at trial, it shall be treated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY pursuant to the provisions of this Order and Agreement.

14.     A party shall not be obliged to challenge the propriety of a CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY designation at the time such material is

produced and failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with such designation, that party shall provide the designating party within ten (10) business days, written notice of its disagreement with the designation.  The parties shall first try to resolve such a dispute in good faith. If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court.  The burden of proving that information has been properly designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY is on the party making such designation. Discovery materials designated CONFIDENTIAL and/or CONFIDENTIAL – ATTORNEYS' EYES ONLY shall continue to be treated as such, unless and until ordered otherwise by the Court.

15.     Nothing in this Order and Agreement shall preclude any party to the lawsuit or its counsel from: (a) showing a document designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY to an individual who either prepared or reviewed the document prior to the filing of this action; or (b) disclosing or using, in any manner for any purpose, any information or documents from the party's own files that the party itself has designated as CONFIDENTIAL.

16.     The parties agree to be bound by the terms of this Order and Agreement until such time as the Court shall rule on the parties' request for adoption and entry of this Order.

## IV.     INADVERTENT PRODUCTION

17.     The inadvertent production of any privileged or otherwise protected or exempted information, as well as the inadvertent production of information without an appropriate designation of confidentiality, shall not be deemed a waiver or impairment of any claim of privilege or protection, including, but not limited to, the attorney-client privilege, the protection

afforded to work product materials, or the subject matter thereof, or the confidential nature of any such information, as to the inadvertently produced document and any related material.

18.    The producing party must notify the receiving party promptly, in writing, upon discovery that a document has been inadvertently produced.  Upon receiving written notice from the producing party that privileged and/or work product material has been inadvertently produced, all such information, and all copies thereof, shall be returned to the producing party within ten (10) business days of receipt of such notice and the receiving party shall not use such information for any purpose, except as provided in paragraph 18, until further Order of the Court. The receiving party shall also attempt, in good faith, to retrieve and return or destroy all copies of the documents in electronic format.  Should the receiving party receive attorney-client privileged or work product doctrine information, it shall take all steps to return it to the producing party in accordance with the Florida Rules of Professional Conduct and decisional law.

19.    If the receiving party contests the privilege or work product designation by the producing party, the receiving party shall give the producing party written notice of the reason for said disagreement and shall be entitled to retain a copy of the disputed document for use in resolving the dispute.  The receiving party shall, within ten (10) business days from the initial notice by the producing party, seek an Order from the Court compelling the production of the materials.  If no such Order is sought, upon expiration of the ten (10) day period then all copies of the disputed document shall be returned in accordance with this paragraph.  Any analyses, memoranda, or notes that were internally generated based upon such inadvertently produced information shall immediately be placed in sealed envelopes and shall be destroyed in the event that (a) the receiving party does not contest that the information is privileged; or (b) the Court

rules that the information is privileged.  Such analysis, memoranda or notes may only be removed from the sealed envelopes and returned to its intended purpose in the event that (a) the producing party agrees in writing that the information is not privileged; or (b) the Court rules that the information is not privileged.

## V. REQUEST FOR DOCUMENTS OR INFORMATION SUBJECT TO THIS ORDER IN UNRELATED ACTIONS

20.     If any party receiving documents or information covered by this Order and Agreement is subpoenaed in another action or proceeding, or served with a document demand, and such subpoena or document demand seeks material that was produced or designated as CONFIDENTIAL by the other party, the party receiving the subpoena or document demand shall give prompt written notice to counsel for the other party and shall, to the extent permitted by law, withhold production of the subpoenaed material until any dispute relating to the production of such material is resolved.

## VI. TRIAL AND CLAIM ESTIMATION PROCEEDINGS

21.     The parties reserve the right to request the court for additional protections during the October 24, 2023 hearing in Case No. 22-17842-PDR [ECF No. 1939] to estimate ThermoLife's administrative expense claim, and during the trial period, as necessary, with respect to disclosure of CONFIDENTIAL and CONFIDENTIAL – ATTORNEYS' EYES ONLY information and materials, including disclosure to jurors, and further, to prevent exposure of CONFIDENTIAL and CONFIDENTIAL – ATTORNEYS' EYES ONLY information and materials by jurors and others present in the court room.

## VII. TERMINATION OF THE ACTION AND CONTINUING OBLIGATIONS

22.     Within sixty (60) days of the termination of litigation between the parties, all CONFIDENTIAL and CONFIDENTIAL – ATTORNEYS' EYES ONLY material and all copies

- 14 -

thereof upon request shall be returned to the party which produced it, or, with the express written consent of the party that produced it, the non-producing party shall destroy the CONFIDENTIAL and CONFIDENTIAL – ATTORNEYS' EYES ONLY material and a certification of destruction shall be provided to the party which produced it; provided, however, that for each party, outside counsel may retain one complete and unredacted set of pleadings and papers filed with the Court and served on the other party solely for reference in the event of, and only in the event of, further proceedings or litigation between the parties, or a dispute over the use or dissemination of CONFIDENTIAL and CONFIDENTIAL – ATTORNEYS' EYES ONLY materials subject to the terms of this Order and Agreement. Such retained copy of pleadings and papers shall be maintained in a sealed file accessible only by outside counsel bound by this Order and Agreement. This Order and Agreement shall survive the final termination of this litigation with respect to any such retained CONFIDENTIAL and CONFIDENTIAL – ATTORNEYS' EYES ONLY materials.

## VIII.   APPLICABILITY OF ORDER AND AGREEMENT TO THIRD PARTIES

22.     In the course of Adv. Proc. No. 23-01134-PDR, the parties may attempt to discover documents and information from Third Parties.  Any Third Party from whom discovery is sought by the parties may avail itself upon the protections and limitations of disclosure provided for in this Order and Agreement.  The Third Party shall identify any CONFIDENTIAL and CONFIDENTIAL – ATTORNEYS' EYES ONLY material produced in accordance with the provisions or Paragraph 8 hereto.  The parties hereby agree to treat any material designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY and produced by a Third Party in accordance with the terms of this Order and Agreement.

## IX.     ENFORCEMENT OF THIS ORDER AND AGREEMENT

23.     The parties agree that in the event of a violation of this Order and Agreement and solely for the purpose of enforcing this agreement by seeking an injunction against further violations, that the producing party will suffer irreparable harm from the unauthorized disclosure or use of CONFIDENTIAL and CONFIDENTIAL – ATTORNEYS' EYES ONLY material. This agreement would not apply to any other type of action, such as sanctions or other remedies that may be imposed by the Court or a civil action for damages.

24.     Nothing in this Order and Agreement shall prejudice the right of any party, or any Third Party, to seek relief from the Court, upon good cause shown, from any of the restrictions provided above or to impose additional restrictions on the disclosure of any information or material.

25.     Should it become necessary, the parties reserve their right to file motions to modify this Order and Agreement.

26.     This Court shall retain jurisdiction over the parties and this Order and Agreement for the purposes of compliance with and enforcement of its terms, and the final termination of this action shall not terminate this Order and Agreement or its terms.

*/s/ Francis DiGiovanni*

Jordi Guso
Florida Bar No. 863580
Michael J. Niles
Florida Bar No. 107203
**BERGER SINGERMAN LLP**
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
Telephone: (305) 755-9500
Email: jguso@bergersingerman.com
        mniles@bergersingerman.com

Francis DiGiovanni

Geoffrey A. Zelley
**FAEGRE DRINKER BIDDLE & REATH LLP**
222 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 467-4200
Email:  francis.digiovanni@faegredrinker.com
          geoffrey.zelley@faegredrinker.com

*Attorneys for Defendant Vital Pharmaceuticals, Inc.*

/*s/Veronica McCarty*
**GRAY ROBINSON, P.A.**
333 S.E. 2nd Ave., Suite 3200
Miami, FL 33131
Tel: (305) 416-6800
Jorge Espinosa, Esq.
Florida Bar No: 779032
Email:  jorge.espinosa@gray-robinson.com
Steven J. Solomon, Esq.
Florida Bar No: 931969
steven.solomon@gray-robinson.com
Francesca Russo, Esq.
Florida Bar No.: 174912
francesca.russo@gray-robinson.com

**DEVLIN LAW FIRM LLC**
Timothy Devlin
tdevlin@devlinlawfirm.com
Veronica McCarty
vmccarty@devlinlawfirm.com
Leonard Monfredo
lmonfredo@devlinlawfirm.com
1526 Gilpin Ave
Wilmington, DE 19806
Telephone: (302) 449-9011

*Counsel for ThermoLife International, LLC*

- 18 -

**IT IS HEREBY ORDERED AND ADJUDGED** that the Joint Motion for Entry of Order on Stipulated Confidentiality Agreement Regarding the Use and Disclosure of Discovery Materials is **GRANTED** and the parties' Stipulated Confidentiality Agreement Regarding The Use And Disclosure Of Discovery Materials is hereby **ADOPTED AND ORDERED**.

**DONE AND ORDERED** in Chambers, at Miami, Florida, this ___ day of

_____, 2023.

_____

United States Bankruptcy Judge

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

| | |
|---|---|
| **In re:** | **Chapter 11 Case** |
| **VITAL PHARMACEUTICALS, INC.** | **Case No. 22-17842-PDR** |
| **Debtor.** | |
| **THERMOLIFE INTERNATIONAL, LLC,** | |
| **Plaintiff,** | |
| **v.** | **Adv. Proc. No. 23-01134-PDR** |
| **VITAL PHARMACEUTICALS, INC.** **d/b/a BANG ENERGY d/b/a VPX,** | |
| **Defendant.** | |

**ACKNOWLEDGMENT REGARDING CONFIDENTIAL MATERIAL**

I, _____, hereby declare and state that:

1.    I live at _____ and work for _____, located at _____, where my position is _____.

2.    I have carefully read and understood and will comply with all the provisions of the *Order and Stipulated Confidentiality Agreement Regarding the Use and Disclosure of Discovery Materials* in the above-captioned proceeding.

3.    I will not disclose any CONFIDENTIAL material to anyone not qualified under the terms of the *Order and Stipulated Confidentiality Agreement Regarding the Use and Disclosure of Discovery Materials* to receive such information.

- 19 -

4.      I will not use any CONFIDENTIAL material for any purpose other than for testifying or for assisting counsel of record in preparing for or conducting trial in this litigation.

5.      I will return all CONFIDENTIAL material in my possession, including documents and things which I may prepare relating to any such material, as required pursuant to paragraph 20 of the *Order and Stipulated Confidentiality Agreement Regarding the Use and Disclosure of Discovery Materials*.

6.      I submit to the jurisdiction of this Court for the purpose of enforcement of the *Order and Stipulated Confidentiality Agreement Regarding the Use and Disclosure of Discovery Materials* against me in this proceeding.


Date: _____          _____
                                                                [Name]