Page 1

```
               UNITED STATES BANKRUPTCY COURT.
                 SOUTHERN DISTRICT OF FLORIDA


 IN RE:                          CASE NO. 22-17842-PDR

 VITAL PHARMACEUTICALS, INC.,

           Debtors.
 _____/

 THERMOLIFE INTERNATIONAL,

           Plaintiff,
 v                               ADV. NO. 23-1134-PDR-A
 VITAL PHARMACEUTICALS, INC.,
           Defendant.
 _____/


           No ECF # (Scheduling Conference)

                  November 15, 2023
```

The above-entitled cause came on for hearing before the Honorable Peter D. Russin, one of the Judges in the UNITED STATES BANKRUPTCY COURT, in and for the SOUTHERN DISTRICT OF FLORIDA, at 299 E. Broward Blvd., Fort Lauderdale, Broward County, Florida, on November 15, 2023, commencing at or about 10:00 a.m., and the following proceedings were had.

         Transcribed from a digital recording by:
              Cheryl L. Jenkins, RPR, RMR

```
 1
 2                  APPEARANCES VIA ZOOM:
 3
                BERGER SINGERMAN, by
 4               PAUL AVRON, Esquire
              On behalf of the Debtors
 5
 6               GRAYROBINSON, by
              STEVEN SOLOMON, Esquire
 7     On behalf of Thermolife International, LLC
 8
 9
                    ALSO PRESENT
10
       ECRO - Electronic Court Reporting Operator
11
12
                      - - - - - - -
13
14
15
16
17
18
19
20
21
22
23
24
25
```

1               THE COURT:  All right.  Thermolife versus
2    Vital, 23-1134.  Mr. Avron.
3               MR. AVRON:  Good morning again, your Honor.
4    Paul Avron, last name is spelled A-v-r-o-n, here for the
5    plaintiff/debtors.
6               THE COURT:  Thank you.
7               And, Mr. Solomon.
8               MR. SOLOMON:  Thank you, Steven Solomon,
9    S-o-l-o-m-o-n, on behalf of Thermolife International, LLC.
10              THE COURT:  Thank you.
11              Any other appearances?
12              (No verbal response.)
13              THE COURT:  All right.  So this is resolved,
14   right?  Shouldn't the case be dismissed?
15              MR. AVRON:  Judge, here -- can I just --
16              THE COURT:  Yes.
17              MR. AVRON:  This is going to be a lot
18   shorter than the last hearing, I promise.
19              THE COURT:  Okay.  All good.
20              MR. AVRON:  So, the matter is resolved.  We
21   had a mediated agreement.  The agreement provides, just
22   very high level, that claimant is going to have an
23   administrative expense claim of roughly, I think it's
24   1.25.
25              THE COURT:  Yep.

1           MR. AVRON:  And under the agreement, first
2    -- and there are payment terms.  The first payment is due
3    on the effective date, which as you heard, we're hoping
4    will be soon, very soon.
5           THE COURT:  Right.
6           MR. AVRON:  $500,000 on the effective date,
7    and the agreement also provides that upon the effective
8    date, the parties will file a joint stipulation for
9    dismissal.  So, that's it.
10          THE COURT:  Great.  Okay.
11          Mr. Solomon, anything from you?
12          MR. SOLOMON:  Thank you.
13          So just to reference Docket Entry 2142,
14   which is the order that approves the settlement that
15   Mr. Avron described, Paragraph 7 of that order provided
16   that this adversary proceeding should be abated pending
17   the ultimate dismissal of the case, and as Mr. Avron
18   correctly stated, we will dismiss the case with prejudice
19   once the payment is received, which sounds like it's
20   imminent.
21          THE COURT:  Okay.  So I didn't know it was
22   supposed to be abated, I never got an order abating it,
23   which is why we unfortunately had to have this scheduling
24   conference, because it was scheduled, nobody asked that it
25   be moved, which is fine, I'm happy to see you all.  So I

1    think that's the procedural reason we're still here.
2                 Are you saying --
3                 MR. SOLOMON:  And that --
4                 THE COURT:  -- you need an order abating, or
5    can we -- does hope spring eternal to the point that the
6    case will go effective, and you'll get your money, and
7    then you'll just file a voluntary dismissal?
8                 MR. SOLOMON:  I believe it's the latter and,
9    frankly, it's -- you know, it was our miss.  We should
10   have filed at least the order in the adversary so it would
11   be picked up, because the order was only entered in the
12   main case, and it has language that references the
13   adversary.  So there was just that --
14                THE COURT:  Yeah.
15                MR. SOLOMON:  -- procedural disconnect.
16                What we -- I believe that this will all
17   become moot in the next few days.  My suggestion is we
18   just move the scheduling conference --
19                THE COURT:  Yes, that's what I --
20                MR. SOLOMON:  -- for 30 days, and then
21   within that period of time, I believe Mr. Avron and I will
22   be submitting to you a stipulation for dismissal with
23   prejudice.
24                THE COURT:  All right.  So since you're the
25   plaintiff, Mr. Solomon, get me an order continuing the

Page 6

1 status or scheduling conference to December 13th at
2 10:00 a.m.
3     MR. SOLOMON:  Will do.  Thank you so much.
4     THE COURT:  And, of course, you won't have
5 to show up if the case gets dismissed, obviously, okay?
6 All right.
7     MR. SOLOMON:  Perfect, perfect.
8     THE COURT:  Great.
9     MR. SOLOMON:  Thank you.
10     MR. AVRON:  Thank you.
11     THE COURT:  Thanks.
12     MR. SOLOMON:  Thank you.
13     THE COURT:  Be careful driving, lots of rain
14 out there.  All right.  Thank you.
15     MR. SOLOMON:  I'll be careful.
16     THE COURT:  Yeah, I'm not worried about you
17 sitting in the comfort of your own office.
18     All right.  We've got three minutes --
19     MR. SOLOMON:  Thanks.
20     THE COURT:  -- until 11:00, so we'll be in
21 recess for three minutes.
22
23     (Thereupon, the hearing was concluded.)
24
25

# CERTIFICATION

STATE OF FLORIDA        :

COUNTY OF MIAMI-DADE    :

       I, Cheryl L. Jenkins, RPR, RMR, Shorthand Reporter and Notary Public in and for the State of Florida at Large, do hereby certify that the foregoing proceedings were transcribed by me from a digital recording held on the date and from the place as stated in the caption hereto on Page 1 to the best of my ability.

       WITNESS my hand this 20th day of November, 2023.

_____

CHERYL L. JENKINS, RPR, RMR

Court Reporter and Notary Public
in and for the State of Florida at Large
Commission #HH 170910
December 27, 2025